UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HARRISON GLOBAL LLC<br><br>Plaintiff,<br><br>v.<br><br>GREATER BOSTON COACH INCORPORATED<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. 1:24-cv-12761<br>)<br>) **Jury Trial Requested**<br>)<br>)<br>)<br>) |

## COMPLAINT

BOSTONCOACH is a locally famous brand owned by Harrison Global LLC ("Harrison") under which it has continuously offered chauffeured transportation services for over 30 years. Harrison, which owns the trademark registration for BOSTONCOACH, has been contending with Defendant's varied and ongoing efforts to pass its business off as "Boston Coach." Since Defendant operates a directly competing company in Boston, its actions are causing serious economic harm to Harrison.

Defendant, Greater Boston Coach Incorporated (hereinafter, "Greater Boston Coach"), acted intentionally to misappropriate, trade on, and wrongfully profit from Harrison's goodwill and reputation for quality chauffeured transportation services. Greater Boston Coach began offering the same type of services in 2015, nearly 20 years after Harrison and Harrison's predecessor-in-interest had been offering the same services under the BOSTONCOACH trademark. Greater Boston Coach's use of Harrison's trademark has caused and will continue to cause confusion and divert consumers away from Harrison. Harrison seeks injunctive relief and damages for trademark infringement, false designation of origin, unfair competition,

cybersquatting, and deceptive trade practices in violation of the laws of the United States and the Commonwealth of Massachusetts.

Harrison alleges the following:

## PARTIES

1.  Plaintiff, Harrison Global LLC, is a Massachusetts corporation with a principal place of business at 880 Main Street, Waltham, MA 02451.

2.  On information and belief, Defendant Greater Boston Coach is a Massachusetts corporation with a principal place of business at 19 Tecumseh Drive, Boston, MA 02339.  Greater Boston Coach has a registered agent, Mr. John T. Grady, located at the same address.

## JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark, and unfair competition claims).  The federal claims include infringement and unfair competition under the Lanham Act.

4.  This Court has jurisdiction over the state law and common law claims under the doctrine of supplemental jurisdiction. 28 U.S.C. § 1367.  The state and common law claims arise from or are substantially related to the acts giving rise to the federal claims.

5.  This Court has personal jurisdiction over Defendant because it has purposely availed itself to jurisdiction in Massachusetts through its continuous and systematic contact with Massachusetts, including conducting significant business in, maintaining a principal place of business in, and engaging in infringing acts in Massachusetts.

6.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the infringing activity and unfair competition occurred and continues to occur in Massachusetts.

## FACTUAL BACKGROUND

### *Harrison's Use of the BOSTONCOACH Trademark*

7.     Harrison has offered chauffeured transportation services under the BOSTONCOACH trademark since July 13, 2013. The trademark was previously owned by FMR Corp., which first used it in 1985 for chauffeured transportation services.  In or about 2013, FMR Corp. assigned to Harrison U.S. Registration No. 2,294,068 for the BOSTONCOACH trademark for use in connection with "chauffeuring and private bus services."  Harrison, in turn, has offered the services described since acquiring the mark. Thus, the BOSTONCOACH trademark has been in continuous use for chauffeured transportation services for 39 years.

8.     The BOSTONCOACH trademark registration is incontestable, having at least five years of continuous use in commerce. The sworn statements necessary to establish incontestability were filed in the trademark office in 2005.

9.     Harrison is, on information and belief, one of the largest providers, by volume, of chauffeured transportation services in Boston.  Every year, it successfully delivers thousands of passengers to their destinations.  Its customers include financial institutions, hotels, professional athletes and teams, show business executives and entertainers, and numerous fortune 500 companies, as well as the general public.

10.    Harrison has widely used the BOSTONCOACH trademark in correspondence, publicity, contracts, and on the internet. Additionally, from 1985 to approximately 2013, FMR Corp. likewise widely used the mark in all aspects of operating and promoting its chauffeured transportation business.

11.    Harrison has invested considerable time, money, and effort in promoting its BOSTONCOACH trademark and in building up the goodwill associated with that mark. Harrison

maintains the website registration for www.bostoncoach.com and prominently displays the BOSTONCOACH trademark on its website, www.davelbostoncoach.com. By virtue of these efforts, Harrison has developed substantial recognition and goodwill in its mark.

12. Due to the high profile that the BOSTONCOACH business has acquired in the Boston area after 39years of operation, Greater Boston Coach inevitably had actual notice of the BOSTONCOACH trademark and of the chauffeured transportation services offered under that name.

*Greater Boston Coach's Unlawful Conduct*

13. On information and belief, Greater Boston Coach was incorporated in 2015 in Massachusetts and offers chauffeured transportation services under that name

14. In 2024, Harrison became aware that Greater Boston Coach had engaged in conduct calculated to heighten public confusion between its business and Harrison's through use of a mark that is nearly identical to, and confusingly similar to, BOSTONCOACH—GREATER BOSTON COACH—as its company name, on its website, in its domain name, and in its online advertisements.

15. The addition of the descriptive term GREATER in the GREATER BOSTON COACH mark does nothing to alleviate the likelihood of confusion between it and the BOSTONCOACH mark because the two marks are otherwise identical and both are used in connection with identical goods and services.

16. Harrison notified Greater Boston Coach of the infringing nature of its use on September 12, 2024. Greater Boston Coach did not respond.

17. On October 1, 2024, Harrison again notified Greater Boston Coach of the infringing nature of its use in an attempt to resolve the matter without need for litigation. Greater Boston Coach did not respond.

18. Despite Harrison's demand that it ceases use, Greater Boston Coach continues to use the confusingly similar GREATER BOSTON COACH mark as its company name, on its website, in its domain name, and in its online advertisements.

19. Greater Boston Coach is thereby willfully and purposefully using Harrison's business name and registered mark for its own competing services to create a false impression that Greater Boston Coach and its services are affiliated or related to Harrison and Harrison's services, or that Greater Boston Coach is a successor or incarnation of Harrison's business.

20. Greater Boston Coach's unauthorized use of Harrison's mark in connection with the same services offered by Harrison has caused and will continue to cause consumer confusion and harm to Harrison's reputation in the marketplace.

21. Greater Boston Coach's unauthorized use of the Harrison's mark is deceptive to consumers and has caused and will continue to cause confusion as to the source of the services offered in connection with the BOSTONCOACH mark.

22. Greater Boston Coach's unauthorized use of Harrison's mark injures Harrison by falsely associating Greater Boston Coach with Harrison and depriving Harrison of the rights in its mark, thereby harming Harrison's reputation and creating confusion among the public.

## FIRST CAUSE OF ACTION

*Federal Trademark Infringement in Violation of Section 32(1) and 43(a) of the Lanham Act*
**(15 U.S.C. §§ 1114, 1125(a))**

23. Harrison repeats each allegation contained in the preceding paragraphs as if fully set forth herein.

5

24.     Greater Boston Coach uses and has used a mark that is nearly identical to, and confusingly similar to, the federally registered BOSTONCOACH mark in connection with services, offers for services, and advertising, including advertising on the internet, related to chauffeured transportation services, without authorization from Harrison.

25.     Greater Boston Coach's unauthorized use of a mark that is nearly identical to Harrison's mark in connection with the same chauffeured transportation services constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, codified at 15 U.S.C. §1114 (1), and Section 43(a) of the Lanham Act, codified as 15 U.S.C. §1125(a)(1)(A).

26.     Greater Boston Coach's unauthorized use of a mark that is nearly identical to Harrison's mark is intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

27.     Greater Boston Coach's infringement of the BOSTONCOACH mark has been willful, wanton, reckless, and in total disregard of Harrison's rights.

28.     Greater Boston Coach's unauthorized use a mark that is nearly identical to Harrison's mark has caused and is likely to continue to cause substantial and irreparable injury to Harrison, which injury cannot be accurately computed at this time, and will continue to cause substantial injury unless Greater Boston Coach's use of the said mark is enjoined by this Court.

29.     By reason of the foregoing, Harrison has been damaged and Harrison is entitled to injunctive relief and damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### *Trademark Dilution in Violation of M.G.L. c. 110H § 13*

30.     Harrison repeats each allegation contained in the preceding paragraphs as if fully set forth herein.

31. Harrison's BOSTONCOACH trademark is a strong mark that is well-known to consumers and/or has achieved secondary meaning in the relevant marketplace.

32. Harrison's BOSTONCOACH mark and the GREATER BOSTON COACH mark used by Defendant are confusingly similar such that consumers see and interpret the two marks as being essentially the same.

33. Defendant's use of GREATER BOSTON COACH in connection with inferior, but identical, goods and services creates a negative association in the minds of consumers with respect to Harrison's goods and services.

34. Defendant intended to trade off the notoriety and goodwill that Harrison has cultivated through use of its BOSTONCOACH mark.

35. Defendant's use of GREATER BOSTON COACH creates a likelihood of dilution with regard to Harrison's BOSTONCOACH mark, both by blurring and tarnishment in violation of M.G.L. c. 110H § 13.

## THIRD CAUSE OF ACTION

*Federal Unfair Competition and False Designation of Origin
in Violation of the Lanham Act* **(15 U.S.C. § 1125(a))**

36. Harrison repeats each allegation contained in the preceding paragraphs as if fully set forth herein.

37. Greater Boston Coach's unlawful acts constitute use in commerce.

38. Greater Boston Coach's unlawful acts are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Greater Boston Coach with Harrison as to the origin, sponsorship, or approval of Greater Boston Coach's services.

39. Greater Boston Coach has engaged in unlawful acts that constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, codified at 15 U.S.C. 1125(a).

40. Greater Boston Coach's acts are causing irreparable injury to Harrison, for which there is no adequate remedy at law, and will continue to do so unless Greater Boston Coach's use of the BOSTONCOACH mark and company name is enjoined by this Court.

41. By reason of the foregoing, Harrison has suffered monetary damages and loss of goodwill.

42. Greater Boston Coach's conduct as described above has been willful, wanton, reckless, and in total disregard for Harrison's rights.

## FOURTH CAUSE OF ACTION

*Unfair Competition and Trademark and Trade Name Infringement in Violation of Massachusetts Common Law*

43. Harrison repeats each allegation contained in the preceding paragraphs as if fully set forth herein.

44. Harrison owns and enjoys common law rights in its BOSTONCOACH mark and trade name, which are superior to any rights that Greater Boston Coach may claim to any similar mark or trade name.

45. Greater Boston Coach's unauthorized use of a mark that is nearly identical to the BOSTONCOACH mark in connection with the same chauffeured transportation services is, and has been, committed knowingly in order to capitalize on and misappropriate Harrison's valuable goodwill in its mark that it created through widespread usage of its mark over many years.

46. Greater Boston Coach's unauthorized use of a mark that is nearly identical to the BOSTONCOACH mark has caused and is likely to continue to cause confusion or mistake or to deceive consumers as to the source of origin of such services.

47. Greater Boston Coach's acts and conduct as set forth herein constitute trademark infringement in violation of Massachusetts common law.

48. Greater Boston Coach's acts and conduct as set forth herein constitute unfair competition, willful, unfair and deceptive acts or practices within the Commonwealth of Massachusetts and in violation of Massachusetts common law.

49. Both Greater Boston Coach and Harrison are engaged in trade and commerce in the Commonwealth of Massachusetts.

50. Greater Boston Coach's wrongful and infringing activities have intended to cause, have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Harrison's business, reputation, and goodwill.

51. Greater Boston Coach's conduct as described above has been willful, wanton, reckless, and in violation of the rights of Harrison.

52. As a result of Greater Boston Coach's acts alleged above, Harrison is entitled to damages in an amount to be proven at trial. By reason of the foregoing, Harrison has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to injunctive relief and damages.

## FIFTH CAUSE OF ACTION

*Unfair Competition and Deceptive Trade Practices in Violation of M.G.L. c. 93A §§ 2, 11*

53. Harrison repeats each allegation contained in the preceding paragraphs as if fully set forth herein.

54. Harrison and Greater Boston Coach are engaged in trade or commerce.

55. The acts complained of herein occurred primarily and substantially in the Commonwealth of Massachusetts.

56. Greater Boston Coach's unauthorized use of a mark that is nearly identical to the BOSTONCOACH mark is, and has been, committed knowingly in order to capitalize on and misappropriate Harrison's valuable goodwill in that mark that it created through long usage over many years. The acts alleged herein constitute unfair and deceptive practices or methods of competition within the meaning of M.G.L. Ch. 93A, § 2 and 11.

57. Greater Boston Coach's unfair and deceptive trade practices were knowing and willful.

58. As a result of Greater Boston Coach's actions as alleged herein, Harrison has suffered and is likely to suffer a loss of money.

59. As a result of Greater Boston Coach's violations of Chapter 93A, as alleged above, Harrison is entitled to damages in an amount to be proven at trial, which amount may be doubled or trebled, and an award of reasonable attorneys' fees and costs as provided by statute. By reason of the foregoing, Harrison has been damaged and is suffering, and will continue to suffer, irreparable harm, and is entitled to immediate injunctive relief and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Harrison respectfully asks this Court to enter judgment for it on all counts against Greater Boston Coach and to grant Harrison the following relief:

1. Preliminary and permanent injunctions preventing Greater Boston Coach and its officers, directors, employees, agents, affiliates, successors, assigns, and all those in privity or acting in concert with them, from using the trademark BOSTONCOACH or any trademark or trade

name that may be considered confusing similar to Harrison's trademark, in connection with chauffeured transportation services, or from any other uses that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the Greater Boston Coach with Harrison, or as to the origin, sponsorship, or approval of Greater Boston Coach's services or commercial activities by Harrison;

2. Transfer ownership of greaterbostoncoach.com from Greater Boston Coach to Harrison;

3. Order Greater Boston Coach to account and pay over to Harrison all gains and profits it derived from the use of the mark BOSTONCOACH in violation of Harrison's trademark rights, pursuant to 15 U.S.C §1117, M. G. L. Ch. 93A, and other applicable law;

4. Order Greater Boston Coach to pay Harrison the damages which Harrison has sustained by reason of the conduct alleged herein;

5. Order Greater Boston Coach to pay damages totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. §1117, M.G.L. Ch. 93A, and other applicable law;

6. Allow Harrison permission to elect, prior to final judgment, statutory damages as its recovery rather than actual damages and profits as provided in 15 U.S.C. §1117;

7. Order Greater Boston Coach to pay pre-judgment interest on Harrison's damages as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

8. Order Greater Boston Coach to pay the costs of this action as provided in 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law;

9. Order Greater Boston Coach to pay Harrison's attorneys' fees as provided by 15 U.S.C. §1117, M. G. L. Ch. 93A, and other applicable law; and

10.     Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Harrison demands a jury trial of any issues in this action so triable.

Respectfully submitted,

Date: October 31, 2024

HARRISON GLOBAL LLC
By their attorneys,

/s/ *Sharona H. Sternberg*
Sharona H. Sternberg (BBO # 682384)
Kevin R. Mosier (BBO # 703739)
SUNSTEIN LLP
100 High Street
Boston, MA 02110
(617) 443-9292
ssternberg@sunsteinlaw.com
kmosier@sunsteinlaw.com